H. Joseph Acosta,
SBN 24006731
**Condon Tobin**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3852
Facsimile: (214) 265-6311

**Proposed Attorneys for Debtor and
Debtor in Possession**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 24-40747-11-ELM** |
| **ROBERT WYATT CONTRACTING, LLC,**[1] | § | |
| | § | **CHAPTER 11 CASE** |
| | § | |
| **Debtor.** | § | |

**MOTION DEBTOR ROBERT WYATT CONTRACTING, LLC
TO EXTEND THE EXCLUSIVE PERIOD TO FILE A CHAPTER 11 PLAN
AND SOLICIT ACCEPTANCES THEREOF**

**NO HEARING WILL BE CONDUCTED ON THE MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, BEFORE CLOSE OF BUSINESS ON JULY 1, 2024, WHICH IS TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF. ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.**

**IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICE ACTION MAY BE TAKEN.**

COMES NOW Robert Wyatt Contracting, LLC the above-captioned debtor and debtor in possession (the "**Debtor**"), and files its Motion to Extend the Exclusive Period to File a Chapter

---

[1] The Debtor's federal identification number is: 82-1413471.

11 Plan and Solicit Acceptances thereof (the "**Motion**"), and, in support hereof, respectfully represents as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105 and 1121 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 9013 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

4. The Debtor is a Texas limited liability company formed in 2017. The Debtor's President, founder and sole member is Robert Pfeil. The Debtor is an-established excavation contractor specializing in earthwork, clearing, wet utilities and paving in the North Texas area. Its services include land-clearing, clearing wooded areas before any construction, digging ponds, importing/exporting materials and construction building pads, and providing demolition services for both residential and commercial buildings.

5. The Debtor started having financial trouble in 2022, when it had grown exponentially from a single employee in 2017 to four employees in 2020 to over 80 employees in 2022. Annual revenues expanded from mid-$200,000 in 2020, to approximately $2 million in 2021, to over $10 million in 2022. But, as revenues expanded, the Debtor's liabilities also expanded. The liabilities primarily comprised of finance agreements with numerous equipment lenders, who, at one point, had financed over 100 pieces of heavy, construction equipment.

6. Eventually, the Debtor's revenues did not expand sufficiently enough to allow the Debtor to meet its working capital and significant debt obligations. In 2022, in order to save its business, the Debtor started to employ various cost-savings initiatives, including a reduction in workforce and the marketing and sale of its excess equipment. During the two years prior to the Petition Date, the Debtor had sold in excess of $4 million in equipment on the retail market. All of the sales have been arranged with the approval of the secured lenders whose collateral was being sold and the revenues generated from the sales have gone, or are dedicated to go, to pay the finance companies that financed the sold equipment.

7. The prepetition sale of equipment generally raised revenue in excess of the secured debt encumbering the sold equipment. This successful marketing has allowed the Debtor to reduce its liabilities significantly and even realize a profit from certain sales. The Debtor firmly believes that by selling its equipment, on a going concern basis, it can maximize the value being received by the Debtor for its equipment. In contrast, based on its study of comparable sales, the Debtor believes that the quick liquidation of its equipment will result in significantly less value for the Debtor and its creditors. Indeed, the Debtor estimates that the

current liquidation value, which is reflected in its Bankruptcy Schedule A/B, would net the Debtor more than $1 million dollars less than the current secured debt encumbering such equipment, whereas the proposed sale of the equipment, on a going concern basis, could net the Debtor a much better return.

8. Consistent with its prepetition practices, the Debtor has the majority of its equipment on the market for sale. A majority of this equipment is stored at the Debtor's leased property in Krum, Texas. Post-petition the Debtor has also sold, or made arrangements to sell, more than $1 million in equipment to date. The Debtor has further received interests from third-parties to purchase possibly over $1 or $2 million in additional equipment. The Debtor has elected not to liquidate its equipment quickly or for liquidation values, thereby diminishing its exposure to undersecured creditors.

9. The Debtor has financed equipment from approximately 20 finance companies. In order to accomplish its goals in this case, the Debtor has entered into Stipulations with the bulk of these secured creditors, including 1st Source Bank, BMO Bank, First Citizens Bank & Trust Company, HomeTrust Bank, John Deere Financial Services, LCA Bank Corporation, Leaf Financial and Quality Equipment Finance, regarding the sale, recovery and other disposition of the Debtor's financed equipment. The Debtor is also in advanced negotiations 3-4 additional finance companies regarding the disposition of their collateral. But, the Debtor still has to commence negotiations with approximately half of its finance companies regarding the disposition of their collateral.

10. The ultimate goal of the Debtor is to expand its business operations, right size its operations and reduce its unsecured liabilities by maximizing the value of its equipment. These goals will take more time to develop, because the Debtor still has to determine which equipment it will need for future operations, which equipment it can sell on a going concern basis, and which equipment should just be returned.

11. The Debtor is also interviewing financial advisors to assist in implementing it restructuring plan. Thus far, even without a financial advisor, the Debtor has also been able to expand its business post-petition. The Debtor would like to continue its momentum of profitability, which it currently has, to develop an exit strategy that will allow it to maximize the return to creditors.

12. In addition, the Debtor is pursuing litigation against one or more entities that may bring significant assets into the estate, which assets will be used to fund a plan of reorganization. Based on various expressions of interest, the Debtor is also exploring what type exit financing is available.

**Relief Requested**

13. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Filing Exclusivity Period (as defined below) and the Solicitation Exclusivity Period (as defined below) through and including October 30, 2024, and

December 29, 2024, respectively.

**Basis for Relief**

14. Section 1121(b) of the Bankruptcy Code establishes an initial period of 120 days after the commencement of a chapter 11 case during which only a debtor may file a plan (the "**Filing Exclusivity Period**") and an additional 60-day period thereafter during which only the debtor may solicit votes for a plan (the "**Solicitation Exclusivity Period**," and together with the Filing Exclusivity Period, the "**Exclusivity Periods**"). Currently, the Filing Exclusivity Period will expire on June 28, 2024.

15. Section 1121(d)(1) permits the court to extend a debtor's exclusivity period "for cause." Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor showed substantial progress had been made in negotiations toward reorganization"); *see also In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (citing factors relevant to whether "cause" exists to extend exclusive periods).

16. Courts examine numerous factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods. These factors include:

    a) the size and complexity of the case;

    b) the need for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    c) whether the debtor has made progress in negotiations with its creditors;

    d) the existence of good faith progress toward reorganization;

    e) whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the Debtor's reorganization demands;

    f) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    g) the fact that the debtor is paying its bills as they become due;

  h)  the amount of time which has elapsed in the case; and/or whether an unresolved contingency exists.

*See, e.g.*, *In re New Millennium Mgmt., LLC*, No. 13-35719, 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (applying the above-listed factors and finding cause to extend the period for 60 days). Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods. *See, e.g.*, *Express One Int'l, Inc.*, 194 B.R. at 100 (listing all nine factors later set forth in *Adelphia* but relying on only four as relevant in determining whether there was "cause" to extend exclusivity); *see also In re Excel Maritime Carriers Ltd.*, No. 13-23060, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013) (noting in an exclusivity termination context that the ultimate consideration for the court is what will best move the case forward in the best interests of all parties).

  17.  Courts within the Fifth Circuit and in other jurisdictions have held that the decision to extend exclusivity is left to the sound discretion of the court and should be based on the totality of circumstances in each case. *See, e.g.*, *Mirant*, No. 4-04-CV-476-A, 2004 WL 2250986, at * 3 (noting that the decision to extend exclusivity "lies within the bankruptcy court's discretion"); *Express One Int'l, Inc.*, 194 B.R. at 100 (extending exclusivity based on the totality of the circumstances).

  18.  Further, courts regularly grant a debtor's first request for an extension of the exclusive period to file a chapter 11 plan. *See Am. Network Leasing v. APEX Pharms., Inc. (In re Apex Pharms., Inc.)*, 203 B.R. 432, 441 (N.D. Ind. 1996) (noting that during the initial 120-day period in which debtors have an exclusive right to file a chapter 11 plan, "bankruptcy courts have applied a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (citation omitted).

  19.  Indeed, courts in the Northern District of Texas routinely grant such relief. *See, e.g.*, *In re Ebix, Inc., et al.*, No. 23-80004 (SWE) (Bankr. N.D. Tex. April 22, 2024) [Docket No. 536]; *In re Northwest Senior Housing Corporation, et al.*, No. 22-30659 (MVL) (Bankr. N.D. Tex. Oct. 13, 2022) [Docket No. 705]; *In re Sunland Medical Foundation, et al.*, No. 23-80000 (MVL) (Bankr. N.D. Tex. March 15, 2024) [Docket Nos. 335, 445].

**I. "Cause" Exists to Extend the Exclusivity Periods in This Chapter 11 Case.**

  20.  Here, as set forth in detail below, the relevant factors strongly favor initial extensions of the Exclusivity Periods.

    a.  **The size and complexity of the cases.** The Debtor has over $20 million in liabilities, and numerous secured and unsecured creditors. The Debtor almost qualified for a complex chapter 11 case under the Court's Local Rules. While the Debtor is not the largest Debtor in this Court's jurisdiction, it certainly has numerous parties it needs to negotiation with

to develop a chapter 11 plan.

b. **The terms of a chapter 11 plan will depend on the outcome of equipment sales, business performance and pending litigation.** While the Debtor have been marketing a substantial portion of its assets on a going concern basis and while the Debtor has entered into settlements with a bulk of its secured creditors, the ultimate terms of a chapter 11 plan will depend on the outcome of the equipment sales and resolution of disputes with secured creditors. The size of the unsecured class will depend on successful negotiations with secured creditors. The Debtor's pending litigation (where the Debtor is a plaintiff) against one or more entities will also affect the amount of assets it will have to fund a chapter 11 plan. Furthermore, the Debtor's ongoing obligations will impact the terms of a plan of reorganization. Moreover, the Debtor's consistent financial performance will assist the Debtor significantly in developing varying exit strategies. The Debtor believes that extending the Exclusivity Periods for several months is the most efficient use of estate resources. Accordingly, the Debtor requires additional time to continue positive performance of its operations and negotiate with other stakeholders in an effort to propose a consensual plan of reorganization.

c. **The Debtor has made significant progress in negotiating in good faith with all creditors and working towards a viable chapter 11 plan.** Since the Petition Date, the Debtor has negotiated in good faith and worked collaboratively with its stakeholders. The Debtor has, among other things, sold over $1 million worth of assets, with consent of secured parties, continues to successfully market its unused equipment, resolved claims with secured creditors, negotiated adequate protection for secured creditors, negotiated with tax claimants, filed its schedules of assets and liabilities and statement of financial affairs, and hired, or expects to hire, various professionals to help the Debtor through the reorganization process.

d. **The Debtor is not seeking to extend exclusivity to pressure creditors, and an extension of the exclusivity periods will not prejudice creditors.** The Debtor has not sought an extension of exclusivity to pressure creditors or other parties in interest. On the contrary, all creditor constituencies are benefitted by providing the Debtor with sufficient time to continue to negotiate the terms of a chapter 11 plan and determine what transaction or combination of transactions will provide the greatest value to its estate and the greatest recovery to its creditors. Extending exclusivity benefits all creditors by preventing the drain on time and resources that inevitably occurs when competing plans are filed. All stakeholders benefit from continued stability and predictability that a centralized process provides, which can only occur while the Debtor remains the sole plan proponent.

  Moreover, even if the Court approves an extension of the Exclusivity Period, nothing prevents parties in interest from later seeking to reduce or terminate exclusivity for cause.

  Accordingly, an extension of the Exclusivity Periods is in the best interest of the Debtor, its creditors, and all parties in interest.

  e. **The Debtor is paying their bills as they come due.** The Debtor has paid its undisputed post-petition debts in the ordinary course of business or as otherwise provided by Court order.

  f. **The Debtor has demonstrated reasonable prospects for filing a viable plan of reorganization**. Through its strategic planning, efficient management of operations and open discussions with its stakeholders, the Debtor has been able to sell over $1 million in assets post-petition and separately raise over $500,000.00 in cash, all of which will assist in funding a future chapter 11 plan. The Debtor's chapter 11 case has thus far been very successful, and there is no reason to doubt it will continue in an upward trajectory.

  g. **Significant time has not elapsed in these chapter 11 cases.** This is the Debtor's first request for an extension of the Exclusivity Periods and will result in a total extension of the Exclusivity Periods of 105 days. As noted above, courts routinely grant a debtor's request for an initial exclusivity extension. Moreover, as set forth above, the Sale Hearing has been continued May 22, 2024, past the expiration of the Exclusivity Periods. To facilitate this timeline and to allow the Debtor the necessary time to navigate complex issues and constituent negotiations, an extension of the Exclusivity Periods is appropriate.

  21. The Debtor believes that there is caused to extend the Exclusivity Periods and that the requested extension of the Exclusivity Periods is warranted and appropriate under the circumstances, particularly since this is the Debtor's first request for extension. Each of the relevant factors support extension. Moreover, the requested extension is reasonable and necessary, will not prejudice the legitimate interests of creditors and other parities in interest, and will afford the Debtor a meaningful opportunity to pursue a feasible and consensual plan.

### Notice

  22. The Debtor will provide notice of this Motion to the US Trustee and all creditors and parties in interest that have been identified in this case, including every party listed in the creditor matrix generated by the Court's Em/ECF system. In light of the nature of the relief requested, the Debtor submits that no other or further notice is needed.

  WHEREFORE, the Debtor respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such

other relief as may be just and proper.

Dated: June 7, 2024

Respectfully submitted,

**CONDON TOBIN**

**By**: _/s/ H. Joseph Acosta_
H. Joseph Acosta
SBN 24006731
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel: 214-265-3852
Fax: 214-265-3800
jacosta@condontobin.com

**Proposed Counsel for the Debtor
and Debtor in Possession**

**Certificate of Service**

I certify that on June 7, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and via US First Class Mail on the parties in the attached Creditor Matrix.

_/s/ H. Joseph Acosta_
H. Joseph Acosta

Label Matrix for local noticing
0539-4
Case 24-40747-elm11
Northern District of Texas
Ft. Worth
Tue Jun  4 14:01:23 CDT 2024

Ally Bank, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Balboa Capital Corporation
c/o Padfield & Stout, LLP
100 Throckmorton Street, Suite 700
Fort Worth, TX 76102-2837

Caterpillar Financial Commercial Account Cor
c/o Michelle D. Esparza
Dickinson Wright PLLC
221 N. Kansas St. Suite 2000
El Paso, TX 79901-1472

Caterpillar Financial Services Corporation
c/o Dickinson Wright PLLC
Attention: Michelle D. Esparza
221 N. Kansas Street
Suite 2000
El Paso, TX 79901-1472

Equify Financial LLC
c/o Wright Law Group PLLC
P.O. Box 105603
PMB 84356
Atlanta, GA 30348-5603

FIRST CITIZENS BANK
BRADY LAW FIRM, PLLC
6136 FRISCO SQUARE BLVD., SUITE 400
FRISCO, TX 75034-3251

Ford Motor Credit Company, LLC, c/o AIS Port
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Holt Texas, Ltd. dba Holt CAT
c/o Caldwell East & Finlayson PLLC
Attn: Zachary J. Fanucchi
700 N. St. Mary's St.
Suite 1825
San Antonio, TX 78205-3545

Kirby-Smith Machinery, Inc.
c/o Hicks Law Group
325 N. St. Paul St.
Suite 4400
Dallas, TX 75201-3880

QL Titling Trust LTD/ Quality Leasing Co., I
9830 Bauer Dr.
Carmel, IN 46280-1972

Robert Wyatt Contracting, LLC
550 Reserve St. STE 190 PMB #111
Southlake, TX 76092-1546

The First National Bank of Granbury
c/o Matthew T. Taplett, Esq.
500 W.7th St. #900
Fort Worth, TX 76102-4702

501 W. Tenth Street
Fort Worth, TX 76102-3637

1st Source Bank
PO Box 783
Wilmington, DE 19899-0783

1st Source Bank
PO Box 783
Wilmington, DE 19850-5298
Mishawaka, IN 46546-0783

Ally
PO Box 380902
Minneapolis, MN 55438-0902

Ally Bank
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Ashton Dallas Residential, LLC
1800 Valley View Lane, Suite 100
Dallas, TX 75234-8944

BMO Bank N.A.
c/o Elias Yazbeck, McGinnis Lochridge LL
609 Main St., Suite 2800
Houston, TX 77002-3179

BMO Bank, NA
P.O. Box 7167
Pasadena, CA 91109-7167

Balboa Capital
9987 Carver Road
Suite 110
Cincinnati, OH 45242-5552

Blue Cross Blue Shield
1001 E. Lookout Drive
Richardson, TX 75082-4144

Bryan Campbell
303 Colorado St
Suite 2300
Suite 2300
Austin, TX 78701-0021

CHRYSLER CAPITAL
P.O. BOX 961275
FORT WORTH, TX 76161-0275

Cat Finance
P.O. Box 730681
Dallas, TX 75373-0681

Caterpillar Credit Card
P.O. Box 735838
Dallas, TX 75373-5838

Caterpillar Financial Commercial Account Cor
Michelle D. Esparza
Dickinson Wright PLLC
221 N. Kansas St. Ste. 2000
El Paso, Texas 79901-1472

Caterpillar Financial Services Corporation
2600 W. Big Beaver Rd. Suite 300
Troy, MI 48084-3312

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

| | | |
|---|---|---|
| Chrysler Credit<br>P.O. Box 660335<br>Dallas, TX 75266-0335 | Circle B Engineered Solutions<br>1015 Champions Drive<br>Suite 100<br>Aledo, TX 76008-3223 | Cokinos Young<br>1221 Lamar Street<br>16th Floor<br>Houston, TX 77010-3039 |
| David Pfeil<br>6801 Glendenn Lane<br>Plano, TX 75024-7431 | Deere & Company d/b/a John Deere Financial<br>c/o Sharon H. Sjostrom<br>Blalack & Williams, PC<br>4851 LBJ Freeway, Suite 750<br>Dallas, TX 75244-6012 | Dorsey & Whitney LLP<br>Attn: Jet Willis<br>200 Crescent Court<br>Suite 200<br>Dallas, TX 75201-1880 |
| Dorsey & Whitney LLP<br>c/o H. Joseph Acosta<br>200 Crescent Court<br>Suite 200<br>Dallas, TX 75201-1880 | Equify Financial LLC<br>777 Main Street<br>Suite 3900<br>Fort Worth, TX 76102-5343 | Fidelity Investments<br>131 S. Dearborn<br>6th Floor<br>Chicago, IL 60603-5517 |
| First Citizens Bank & Trust Company<br>10201 Centurion Parkway N.<br>#100<br>Jacksonville, FL 32256-4114 | First Citizens Bank & Trust Company<br>c/o Weltman, Weinberg & Reis Co., LPA<br>965 Keynote Circle<br>Cleveland, OH 44131-1829 | First National Bank of Granbury<br>P.O. Box 400<br>Fort Worth, TX 76101 |
| First National Bank of Granbury<br>Pope, Hardwicke, Christie, et. al.<br>500 West 7th Street, Suite 600/Unit 9<br>Ft. Worth, TX 76102-4995 | Flora Surveying Associates<br>12863 George Washington<br>Memorial Highway<br>Glenns, VA 23149-2933 | Ford Motor Credit<br>P.O. Box 681507<br>Franklin, TN 37068-1507 |
| Ford Motor Credit Company, LLC<br>AIS Portfolio Services, LLC<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Frontier Tank Lines, Inc.<br>6850 TPC Drive<br>Suite 200<br>McKinney, TX 75070-3145 | Fuelman<br>PO Box 1239<br>Covington, LA 70434-1239 |
| Holt Cat<br>P.O. Box 207916<br>San Antonio, TX 78220-7916 | Holt Texas, Ltd. d/b/a Holt CAT<br>c/o Zachary J. Fanucchi<br>Caldwell East & Finlayson PLLC<br>700 N. St. Mary's St., Suite 1825<br>San Antonio, TX 78205-3545 | Home Trust<br>P.O. Box 2211<br>Cornelius, NC 28031-2211 |
| Home Trust Bank<br>PO Box 2211<br>Cornelius, NC 28031-2211 | IPFS Corporation<br>P.O. Box 412086<br>Kansas City, MO 64141-2086 | Internal Revenue Service<br>1100 Commerce St. MC5027DAL<br>Dallas, TX 75242-1100 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | J.W. Faircloth & Son<br>P.O. Box 789<br>Hillsborough, NC 27278-0789 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz, Schneid,<br>Crane & Partners, PLLC<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 |
| JTC Heavy Haul, LLC<br>9611 CR 528<br>Burleson, TX 76028-1037 | (p)DEERE CREDIT SERVICES   INC<br>ATTN LITIGATION & RECOVERY DEPARTMENT<br>PO BOX 6600<br>JOHNSTON IA 50131-6600 | KSM Exchange LLC<br>P.O. Box 270360<br>Oklahoma City, OK 73137-0360 |

| | | |
|---|---|---|
| Katherine E. Iskin<br>4100 Edison Lakes Pkwy #100<br>Mishawaka, IN 46545-3467 | (p)KOMATSU FINANCIAL LIMITED PARTNERSHIP<br>1701 W GOLF ROAD SUITE 1-300<br>ROLLING MEADOWS IL 60008-4208 | Komatsu Financial Limited Partnership<br>Vedder Price P.C.<br>ATTN: Mitchell D. Cohen, Esq.<br>1633 Broadway, 31st Floor<br>New York, NY 10019-6764 |
| LCA Bank Corporation<br>3150 Livernois Road<br>Suite 300<br>Troy, MI 48083-5000 | Leaf<br>P.O. Box 5066<br>Hartford, CT 06102-5066 | Midland Equipment Finance<br>P.O. Box 24245<br>Seattle, WA 98124-0245 |
| Mindy Lefevre<br>12261 Madison Lane<br>Justin, TX 76247-2159 | Niece Equipment LP<br>PO Box 277<br>Buda, TX 78610-0277 | Office of the United States Attorney<br>3rd Floor, 1100 Commerce Street<br>Dallas, TX 75242 |
| Office of the United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242-0996 | Pfeil Holding Corp.<br>7800 Dallas Parkway<br>Suite 310<br>Plano, TX 75024-0025 | QL Titling Trust LTD/Quality Leasing Co., In<br>9830 Bauer Drive<br>Carmel, Indiana 46280-1972 |
| Quality Equipment Finance<br>9830 Bauer Drive<br>Indianapolis, IN 46280-1972 | RDO Equipment<br>P.O. Box 7160<br>Fargo, ND 58106-7160 | ROMCO Equiment Co.<br>P.O. Box 736957<br>Dallas, TX 75373-6957 |
| Risland Mantua Point Phase 2 LLC<br>5600 Tennyson Parkway, Suite 230<br>Plano, TX 75024-3500 | Risland Proper 221 LLC<br>1430 Beverly Drive<br>Prosper, TX 75078-2183 | Robert Pfeil<br>550 Reserve St.<br>STE 190<br>PMB #111<br>Southlake, TX 76092-1546 |
| Romco Equipment LLC<br>1519 Beltline Road<br>Carrolton, TX 75006-6918 | Sitech-Texas<br>3206 South W.W. White<br>San Antonio, TX 78222-4828 | Southern Tire Mart<br>800 Highway 989<br>Columbia, MS 39429 |
| Spooner Construction Services LLC<br>309 Byers Street<br>#100<br>Euless, TX 76039-3670 | Stuart Hose & Pipe Company<br>701 Riverside Drive<br>Fort Worth, TX 76111-4401 | TKO Equipment<br>P.O. Box 153389<br>Irving, TX 75015-3389 |
| (p)TEXAS COMMISSION ON ENVIRONMENTAL QUALITY<br>ATTN BANKRUPTCY PROGRAM<br>P O BOX 13087<br>MC 132<br>AUSTIN TX 78711-3087 | Texas Attorney General's Office<br>Attn: Bankruptcy-Collections Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Texas Department of Transportation<br>P.O. Box 149001<br>Austin, TX 78714-9001 |
| Texas Motor Speedway LLC<br>Attn: Arlene Berends<br>3575 Lone Star Circle, Suite 419<br>Fort Worth, TX 76177-8908 | Texas Workforce Commission<br>Office of Attorney General<br>BK/Collections<br>P.O. BOX 12548, MC008<br>Austin, TX 787112548 | Texas Workforce Commission<br>TEC Building-Bankruptcy<br>101 East 15th Street<br>Austin, TX 78778-0001 |

| | | |
|---|---|---|
| The First National Bank of Granbury<br>PO Box 400<br>Granbury, Texas 76048-0400 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 | Well Fargo Finance<br>600 South 4th Street<br>Minneapolis, MN 55415-1526 |
| Wells Fargo Equipment Finance, Inc.<br>Attn.: Kimberly Park<br>800 Walnut Street (MAC F0005-055)<br>Des Moines, IA 50309-3891 | Wells Fargo Vendor Financial Services, LLC<br>Attn.: Kimberly Park<br>800 Walnut Street (MAC F0005-055)<br>Des Moines, IA 50309-3891 | Joseph Acosta<br>Condon Tobin Sladek Thornton Nerenberg,<br>8080 Park Lane<br>Suite 700<br>Dallas, TX 75231-5920 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Bank<br>P.O. Box 15298<br>Wilmington, DE 19850 | John Deere Construction & Forestry Company<br>P.O. Box 6600<br>Johnston, IA 50131 | (d)John Deere Financial Services<br>P.O. Box 6600<br>Johnston, IA 50131-6600 |
| Komatsu Financial<br>P.O. Box 99303<br>Chicago, IL 60693 | TX Commission of Environmental Quality<br>P.O. Box 13087<br>Austin, TX 78711 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)1st Source Bank | (u)BMO Bank N.A. | (u)Cokinos Young |
| (u)Deere & Company d/b/a John Deere Financial | (u)Komatsu Financial Limited Partnership | (u)LEAF Capital Funding, LLC |
| (d)Ally Bank c/o AIS Portfolio Services, LLC<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | (d)Spooner Construction Services, LLC<br>309 Byers Street<br>#100<br>Euless, TX 76039-3670 | End of Label Matrix<br>Mailable recipients    95<br>Bypassed recipients    8<br>Total             103 |

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § § | CASE NO. 24-40747-11-ELM |
| ROBERT WYATT CONTRACTING, LLC, | § § § | CHAPTER 11 CASE |
| Debtor. | § § § § | |

**ORDER EXTENDING THE DEBTOR'S EXCLUSIVE PERIOD
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the Motion to Extend the Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances Thereof (the "**Motion**"), filed by Robert Wyatt Contracting, LLC, the above-captioned debtor and debtor in possession (the "**Debtor**"); and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that the relief requested in the Motion is in the best interests of the Debtor and its estate; and it appearing that due and sufficient notice of the Motion has been provided by the Debtor and that no other or further notice is required; and after due deliberation and good cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.  The Motion is GRANTED as set forth herein.

2.  The Debtor's exclusive period to file a chapter 11 plan is extended through and including October 30, 2024.

3.  The Debtor's exclusive period to solicit acceptances of a chapter 11 plan is extended through and including December 29, 2024.

4.  Entry of this Order is without prejudice to (i) the Debtor's right to seek such additional and further extensions of the Exclusivity Periods as they may deem necessary or appropriate and (ii) the rights of parties in interest to oppose any such further extension.

3.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.  The Debtor is authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # # END OF ORDER # # #

<u>Submitted by</u>:

**CONDON TOBIN**

By:   */s/ H. Joseph Acosta*
     H. Joseph Acosta
     SBN 24006731
     8080 Park Lane, Suite 700
     Dallas, Texas 75231
     Tel: 214-265-3852
     Fax: 214-265-3611
     jacosta@condontobin.com

**Proposed Counsel for the Debtor
and Debtor in Possession**