H. Joseph Acosta
SBN 24006731
**CONDON TOBIN**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel: 214-265-3852
Fax: 214-265-6311

**PROPOSED ATTORNEYS FOR DEBTOR AND
DEBTOR IN POSSESSION**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 24-40747-11-ELM** |
| **ROBERT WYATT CONTRACTING, LLC,[1]** | § § | |
| | § | **CHAPTER 11 CASE** |
| | § | |
| **Debtor.** | § § | |
| | § | |

**MOTION FOR EMERGENCY HEARING ON DEBTOR'S
MOTION TO EXTEND THE EXCLUSIVE PERIOD TO FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The above-captioned debtor and debtor in possession (the "**Debtor**") hereby moves this Court (the "**Motion**") for emergency consideration of its motion to extend the exclusive period of time to file a chapter 11 plan and solicit the votes thereof (the "**Exclusivity Motion**") [Dkt. 117]. In support of the Motion, the Debtor respectfully represents as follows:

1.      On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"). The Debtor is managing its property and affairs as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The Debtor is not a small business by any stretch of the imagination. Indeed, the Debtor almost qualified for a complex Debtor case based on its significant liabilities, which exceed $20 million. The Debtor also has almost 100 parties in interest involved in this bankruptcy case, and the actual number of parties keeps rising every month.

3.      The Debtor is an established excavation contractor specializing in earthwork, clearing, wet utilities and paving in the North Texas area. Its services include land-clearing, clearing wooded areas before any construction, digging ponds, importing/exporting materials and construction building pads, and providing demolition services for both residential and

---

[1] The Debtor's federal identification number is: 82-1413471.

commercial buildings.

4. Continuing its practice for the last two years prior to the Petition Date, the Debtor has also been marketing a significant amount of its unused equipment for sale at prices that are above liquidation value. Postpetition, the Debtor has already sold, or made arrangements to sell, more than $1 million worth of equipment, with the consent of all secured creditors. This has enabled the Debtor to eliminate or minimize any deficiency claims that secured creditors may hold at the end of the case.

5. The Debtor has also agreed to return certain of its unused equipment to secured creditors and/or made other arrangements to keep certain equipment that is necessary to its operations. The Debtor is also in negotiations with several other secured creditors regarding the disposition of their collateral that will allow the Debtor to maximize the value to its estate and creditors. The Debtor expects to continue similar negotiations with secured creditors for the next several months.

6. The Debtor has also been plagued by several lawsuits that have been commenced against it and/or its founder postpetition. It has taken the Debtor some time to address such litigation, which has proven to be very distracting to the Debtor's operations.

7. The Debtor is also preparing to continue and/or commence other litigation against third parties to attempt bring more assets into its estate. This will entail engaging separate litigation counsel.

8. In the upcoming months, the Debtor also expects to start evaluating the various claims that have been lodged against it. But, given that the claims bar date for nongovernmental claimants does not expire until July 9, 2024, and for governmental claimants on August 28, 2024, the claims evaluation and ultimately claims resolution process may take several months.

9. Further, the Debtor had made significant inroads into improving its financial affairs and operations, having generated and saved approximately half million in cash, which will allow it to grow even further and fund a future chapter 11 plan.

10. On June 7, 2024, the Debtor filed the Exclusivity Motion, seeking to extend the (a) exclusive time period in which to file a chapter 11 plan until to October 30, 2024 and (b) exclusive time period in which to solicit such plan to December 29, 2024. That is approximately 4 months and 6 months, respectively. The Debtor believes that it will need such time period to negotiate with its secured creditors, better understand its overall creditor pool and formulate an exit strategy.

11. Pursuant to section 1121(c) of the Bankruptcy Code, a debtor's exclusive periods to file and solicit a chapter 11 plan are 120 days and 180 days, respectively, after the petition date. The current exclusive period to file the Debtor's plan is June 28, 2024 (the "**Plan Exclusivity Period**"), and the current exclusive period to solicit such plan is September 16, 2024 (the "**Solicitation Exclusivity Period**").

12. Pursuant to section 1121(d) of the Bankruptcy Code, the exclusive periods

mentioned in section 1121(b) and (c) can only be extended if a request is made before such periods expire and after notice and a hearing. Because the objection deadline to the Exclusivity Motion expires after the Plan Exclusivity Period, the Debtor therefore needs to have a hearing on the Exclusivity Motion before the Plan Exclusivity Period expires. If it does not mee this deadline, the Debtor will not have sufficient time to formulate an acceptable and viable chapter 11 plan. Accordingly, the Debtor urgently needs the Court to consider the Exclusivity Motion on an expedited basis, but not later than the Plan Expiration Period.

13. This Motion is the only request that the Debtor has made to extend the exclusivity periods. This Motion is not intended to delay this proceeding or as a negotiation tactic with any creditor. It is intended to allow the Debtor sufficient time to address the critical issues in this bankruptcy case, formulate a viable chapter 11 plan and build consensus towards such plan.

## NOTICE

14. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) the United States Attorney's Office for the Northern District of Texas; (iv) the Debtor's prepetition lender, First National Bank of Granbury, (v) the Internal Revenue Service; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no other or further notice is required.

**WHEREFORE**, for the reasons stated herein, the Debtor respectfully requests that the Court enter the proposed order attached hereto as **Exhibit A**, scheduling an emergency hearing on the Exclusivity Motion and grant such other relief as the Court deems just and proper.

Dated: June 11, 2024                             Respectfully submitted,

                                                 **CONDON TOBIN**

                                                 **By**: _/s/ H. Joseph Acosta_
                                                 H. Joseph Acosta
                                                 SBN 24006731
                                                 8080 Park Lane, Suite 700
                                                 Dallas, Texas 75231
                                                 Tel: 214-265-3852
                                                 Fax: 214-265-3800
                                                 jacosta@condontobin.com

                                                 **Proposed Counsel for the Debtor**

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 24-40747-11-ELM** |
| **ROBERT WYATT CONTRACTING, LLC,**[2] | § | |
| | § | **CHAPTER 11 CASE** |
| | § | |
| **Debtor.** | § | |

**ORDER GRANTING MOTION FOR AN EXPEDITED HEARING ON DEBTOR'S MOTION TO EXTEND THE EXCLUSIVE PERIOD TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF IEF**

**CAME ON TO BE CONSIDERED** this day Debtor's Motion for Emergency Hearing (the "**Motion**") on the Debtor's motion to extend the exclusive period of time to file a chapter 11 plan and solicit the votes thereof (the "**Exclusivity Motion**") [Dkt. 117], filed by the above-captioned debtor and debtor in possession (the "**Debtor**"). Having reviewed the Motion, and after due deliberation and consideration; the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and the creditors thereof; the Court finds that, under the circumstances, proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that cause exists to grant the Motion to the extent provided herein; accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED.**

---

[2] The Debtor's federal identification number is: 82-1413471.

      2.      The hearing on the Exclusivity Motion shall be conducted before this Court on March \_\_\_, 2024 at _____ a.m.

####END OF ORDER####