IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT WYATT CONTRACTING, LLC, | § | CASE NO. 24-40747-elm |
| | § | |
| PLAINTIFF. | § | CHAPTER 11 |
| | § | |

### MIDLAND STATES BANK D/B/A MIDLAND EQUIPMENT FINANCE'S MOTION TO DISMISS OR CONVERT CASE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10th STREET, FORT WORTH, TEXAS 76102, BEFORE CLOSE OF BUSINESS ON JUNE 6, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**AN EXPEDITED HEARING WILL BE REQUESTED WHICH MAY SHORTEN YOUR RESPONSE TIME.**

TO THE HONORABLE EDWARD L. MORRIS UNITED STATES BANKRUPTCY JUDGE:

Midland States Bank d/b/a Midland Equipment Finance ("Midland"), by and through the undersigned counsel, files this Motion to Dismiss or Convert Case, and represents as follows:

### I.    Preliminary Statement

1.    Cause exists to dismiss or convert this case to Chapter 7 of the Bankruptcy Code.

After 13 months in bankruptcy, Robert Wyatt Contracting, LLC ("Debtor"), has not been able to confirm a Chapter 11 Plan of Reorganization, nor is Debtor entitled to confirm its proposed Plan of Reorganization. Debtor's actions have unnecessarily delayed repayment to creditors. For the reasons explained herein, the case should be dismissed or converted to Chapter 7.

## II.     Jurisdiction, Venue, & Constitutional Authority to Enter a Final Order

2.     The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

3.     This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, Midland consents to the entry of a final order or judgment by this Court in this matter.

## III.     Factual Background

4.     On March 1, 2024, Robert Wyatt Contracting, LLC ("Debtor") initiated the current Chapter 11 bankruptcy petition in the Fort Worth Division of the Northern District of Texas [Doc. #1].

5.     On October 30, 2024, Debtor filed its Debtor's Original Plan of Reorganization [Doc. # 215] (the "First Plan"). Santander Consumer USA, Inc. d/b/a Chrysler Capital and Balboa Capital Corporation each filed objections to the First Plan.

6.     On November 25, 2024, Debtor filed its First Amended Plan of Reorganization [Doc. # 228] (the "Second Plan") and its Disclosure Statement Regarding First Amended Plan of Reorganization [Doc. # 229] (the "First Disclosures"). First Citizens Bank, John Deere

Construction and Forestry Company, and Santander Consumer USA, Inc. d/b/a Chrysler Capital each objected to the Second Plan. Approval of the First Disclosures was denied.

7. On January 8, 2025, Debtor filed its Amended Disclosure Statement Regarding Second Amended Plan of Reorganization [Doc. # 267] and its Second Amended Plan of Reorganization [Doc. # 268] (the "Plan"). The Plan has been continued unilaterally from previous confirmation dates, with the current hearing date set for June 4, 2025. Many of the secured creditors have each objected to the Plan, including John Deere Construction and Forestry Company, Balboa Capital Corporation, Equify Financial LLC, Komatsu Financial Limited Partnership, LEAF Capital Funding, LLC, The First National Bank of Granbury, 1st Source Bank, and Midland.

8. Debtor's failure to timely file monthly operating reports or a confirmable chapter 11 plan has caused an unreasonable delay in the administration of this bankruptcy case. Therefore, Midland seeks to have Debtor's case dismissed or converted to a Chapter 7 case.

## II.
## ARGUMENTS AND AUTHORITIES

9. Pursuant to § 1112(b)(1), a party in interest may file a motion to dismiss or convert a Chapter 11 case that the Court may grant "for cause," which the statute provides a non-exhaustive list of examples to support such a request.[1] Midland requests that the Court dismiss or convert Debtor's case because there is no likelihood of rehabilitation, Debtor has failed to timely file monthly operating reports and failed to set forth a confirmable plan.

### i. This Case should be Dismissed Pursuant to 11 USC § 1112(b)(4)(A)

10. To dismiss a case under 11 USC § 1112(b)(4)(A), there must be a continuing loss

---

[1] *In re Turkey Leg Hut & Co. LLC*, 665 B.R. 129, 138 (Bankr. S.D. Tex. 2024).

**MOTION TO DISMISS OR CONVERT** **PAGE 3**

to the estate and no likelihood of rehabilitation.[2] Courts have found that this phrase means the loss is sufficiently large given the financial circumstances of the debtor as to materially negatively impact the bankruptcy estate and interest of creditors and that "negative cash flow alone can be sufficient cause to dismiss or convert."[3]

11. Pursuant to the Robert Wyatt Contracting, LLC 2025 Forecast, which is Exhibit "B" to Debtor's Disclosure Statement Regarding Second Amended Plan of Reorganization [Doc. # 287] (the "Forecast"), in six out of the twelve months, Debtor is projecting net losses. Therefore, Debtor has a loss that is sufficiently large given the financial circumstances of Debtor, creating a negative cash flow, and will continue to experience financial losses. As noted in the Forecast, Debtor was seemingly reliant on an "Owner Injection" in the amount of $150,000.00 for March of 2025. However, Debtor did not provide any supporting data of the financials associated with the party providing additional money on behalf of Debtor for plan payments.

12. Further, there is little likelihood of rehabilitation. Rehabilitation does not mean reorganization, which could involve liquidation; instead, rehabilitation signifies something more, with it being described as "to put back in good condition; re-establish on a firm, sound basis" or whether the debtor's business prospects justify continuance of the reorganization effort.[4]

13. Pursuant to the Forecast, Debtor is projecting negative income in six out of twelve months. Further, in the Debtor's Second Plan of Reorganization [Doc. # 268] (the "Plan"), equity in the Debtor will go to the unsecured creditors at the end of the Plan's term. Even if Debtor is able to confirm the Plan, which is unlikely given objections filed by creditors, Debtor's Forecast, which shows more income than the income shown on the few monthly operating reports filed by Debtor, shows negative cash flow. Therefore, there is little likelihood that Debtor can be re-

---

[2] 11 U.S.C.A. § 1112(b)(4)(A).
[3] *In re Irasel Sand, LLC*, 569 B.R. 433, 440 (Bankr. S.D. Tex. 2017).

established on a firm financial basis.

14.    Accordingly, Midland respectfully requests that the Court convert or dismiss this case.

### ii. This Case should be Dismissed Pursuant to 11 USC § 1112(b)(4)(J)

15.    A lack of progress can cause undue delay and is prejudicial to creditors, with courts converting cases based on a lack of progress to confirm a plan anywhere between six months and two years post-petition.[5] Courts have court affirmed an order converting a case where a debtor had failed to confirm a Chapter 11 plan three times.[6]

16.    Debtor filed for bankruptcy on March 1, 2024, over one year ago. Since filing for bankruptcy, Debtor has filed three (3) proposed plans. Multiple creditors have objected to each plan, including the most recent plan filed on January 8, 2025. Debtor has been given multiple opportunities to correct its structural difficulties in the Plan, but the Plan is still wholly deficient in that it treats equipment and not claims of creditors. Debtor's Plan provides Midland (and every secured creditor similarly situated) with no information about how its <u>claims</u> will be paid under this plan or whether those claims will be paid under this Plan.  Instead, the Debtor appears to be offering to pay (and generally govern the treatment of) specific items of personal property instead of claims.  This kind of classification scheme is inconsistent with 11 U.S.C. §§1123(a)(1), which requires the plan to "designate [] classes of claims," and fails to provide creditors with any definite information at all as to how each allowed claim will be handled.

17.    Creditors have been unduly prejudiced by Debtor filing facially invalid plans and having to draft, file, and pursue objections. Therefore, Midland requests this case be dismissed or converted for failure to file or confirm a plan.

---

[4] *In re TMT Procurement Corp.*, 534 B.R. 912, 920 (Bankr. S.D. Tex. 2015).
[5] *In re Ford Steel, LLC*, 629 B.R. 871, 888 (Bankr. S.D. Tex. 2021).

WHEREFORE, Midland respectfully prays:

1. That confirmation of this case be dismissed for cause as detailed above;

2. In the alternative, that this case be converted to a chapter 7 bankruptcy case;

3. For such other and further relief as this Court deems just and proper under law and equity to which it shows itself justly entitled.

                    **Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 Telephone
(817) 338-1610 Facsimile

/s/ *Christopher V. Arisco*
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com
Matthew B. Fronda
State Bar I.D. #24086264
mfronda@padfieldstout.com

*Attorneys for Midland States Bank d/b/a Midland Equipment Finance*

---

[6] *In re Double H Transportation LLC*, 603 F. Supp. 3d 468, 479 (W.D. Tex. 2022).

**MOTION TO DISMISS OR CONVERT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PAGE 6**

## CERTIFICATE OF SERVICE

      The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, May 16, 2025; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail.

| **Robert Wyatt Contracting, LLC**<br>550 Reserve St., STE 190 PMB #11<br>Southlake, Texas 76092<br><br>*Debtor* | **Joseph Acosta**<br>Condon Tobin Sladek Thornton Nerenberg, PLLC<br>8080 Park Lane, Suite 700<br>Dallas, Texas 75231<br><br>*Attorneys for Debtor* |
|---|---|
| **United States Trustee**<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75202<br><br>*U.S. Trustee* | **All those receiving ECF notification for this case and on the attached matrix for this case.** |

                                              /s/ *Christopher V. Arisco*
                                              Christopher V. Arisco